UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JANINE JOSEPH,
ADONA JOSEPH, *individually and on behalf of* M.M, *a minor*,
RAYSHAWN LEVY, and
DESEAN LEVY,

                               Plaintiffs,

        -against-

CITY OF NEW YORK, and
POLICE OFFICERS JOHN DOE 1-10,

                               Defendants,

------------------------------------------------------------------------X

Index No.: 19 CV 5565

**COMPLAINT**

Plaintiffs Demand Trial by Jury

       Plaintiffs, JANINE JOSEPH, ADONA JOSEPH, RAYSHAWN LEVY, DESEAN LEVY, and M.M., a minor, by and through their attorney, Alexis G. Padilla, Esq., complaining of the defendants CITY OF NEW YORK and POLICE OFFICERS JOHN DOE 1-10, upon information and belief allege as follows:

**PRELIMINARY STATEMENT**

       1.    This is a civil rights action in which the plaintiffs, JANINE JOSEPH, ADONA JOSEPH, RAYSHAWN LEVY, DESEAN LEVY, and M.M., a minor, seek relief for the defendants' violation of their rights as secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, and by the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff ADONA JOSEPH brings this action individually and on behalf of her minor son, M.M., pursuant to Federal Rule of Civil Procedure 17(1)(A). Plaintiffs seek compensatory and punitive damages, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems just and proper.

**JURISDICTION AND VENUE**

2. This action is brought pursuant to 42 U.S.C. § 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this court by 28 U.S.C. §§ 1331 and 1343, this being an action seeking redress for the violation of the plaintiffs' constitutional and civil rights.

3. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) in that the events giving rise to this claim occurred within the boundaries of the Eastern District of New York.

## JURY TRIAL DEMANDED

4. Plaintiffs demand a trial by jury on each and every one of their claims as pleaded herein.

## PARTIES

5. Plaintiff JANINE JOSEPH is a United States citizen of full age and a resident of Kings County, New York.

6. Plaintiff ADONA JOSEPH is a United States citizen of full age and a resident of Kings County, New York.

7. Plaintiff RAYSHAWN LEVY is a United States citizen of full age and a resident of Kings County, New York.

8. Plaintiff DESEAN LEVY is a United States citizen of full age and a resident of Kings County, New York.

9. Plaintiff M.M. is a minor represented in this suit by his mother, ADONA JOSEPH.

10. Defendant CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risks

incidental to the maintenance of a police force and the employment of police officers. Defendant CITY OF NEW YORK was at all times relevant herein the public employer of the defendant police officer.

11. Defendant POLICE OFFICERS JOHN DOE 1-10 were at all times relevant herein duly appointed and acting officers, servants, employees and agents of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, defendant POLICE OFFICERS JOHN DOE 1-10 acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of their duties and functions as officers, agents, servants and employees of the City of New York, were acting for, and on behalf of, and with the power and authority vested in them by the City of New York and the New York Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duty. They are sued individually and in their official capacities.

## STATEMENT OF FACTS

12. On or about October 24, 2018, at 335 Sutter Avenue at approximately 4:00 P.M. defendant Police Officers JOHN DOE 1-10 executed a search warrant on apartment 21B.

13. Present in apartment 21B at the time that the defendant officers arrived were plaintiffs JANINE JOSEPH and her son, RAYSHAWN LEVY.

14. Plaintiff ADONA JOSEPH had just left the apartment and was in the hallway when police arrived.

15. Plaintiff DESEAN LEVY, who resides in apartment 21B, was present in the lobby of the building when police arrived.

16. Plaintiff, M.M. arrived at the building moments after the defendants arrived.

17. Upon information and belief, plaintiff M.M. was the subject of the search warrant.

18. When police arrived at apartment 21B they found plaintiff ADONA JOSEPH in the process of leaving. They pushed past her to enter the apartment and immediately put plaintiffs JANINE JOSEPH and RAYSHAWN LEVY into handcuffs and told them to sit in the living room

19. Defendants then detained plaintiff ADONA JOSEPH in the hallway and placed her in handcuffs.

20. At that point plaintiff DESEAN LEVY arrived on the 21st floor and was immediately detained and also placed in handcuffs.

21. Defendant POLICE OFFICERS JOHN DOE 1-10, who upon information and belief are associated with the Brooklyn North Narcotics Division of the NYPD, then proceeded to overturn the entire apartment, emptying closets and cupboards, over-turning beds, slicing open furniture and emptying the contents of the dressers and cabinets.

22. Defendants eventually come upon a box of baking soda in the kitchen.

23. Defendants claimed the box of baking soda contained narcotics.

24. Defendants placed plaintiffs JANINE JOSEPH, ADONA JOSEPH, RAYSHAWN LEVY, and DESEAN LEVY under arrest.

25. One of the defendants then spotted M.M. entering the building and placed him under arrest as well.

26. All five plaintiffs were then brought to the 73rd Precinct where they were detained for a period of time.

27. Eventually, all five plaintiffs were transported to Central Booking in Brooklyn.

28. After approximately 18 hours in custody at Central Booking, plaintiff DESEAN LEVY was released when prosecutors declined to prosecute the charges against him.

29. Plaintiffs JANINE JOSEPH, ADONA JOSEPH and RAYSHAWN LEVY were arraigned and released on their own recognizance after being charged with Criminal Possession of a Controlled Substance and Intent to Distribute but only after spending over 30 hours in custody.

30. All charges were eventually dismissed as to each plaintiff.

31. At no time during the events described above did defendants have probable cause to arrest any of the plaintiffs for possessing a controlled substance.

32. At no time during the events described above did defendants have probable cause to charge any of the plaintiffs with possessing a controlled substance.

33. As a result of the events described above, each of the plaintiffs suffered a period of false imprisonment, public humiliation and the violation of their constitutional rights.

## AS FOR A FIRST CAUSE OF ACTION

*False Arrest in violation of 42 U.S.C. § 1983 against ALL DEFENDANTS*

34. Plaintiffs repeat, reiterate and assert each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

35. At all times during the events described above, defendants lacked probable cause to arrest plaintiffs for possessing narcotics or any other contraband.

36. At all times during the events described above defendants acted under the color of state law.

37. The acts complained of were carried out by defendants in their capacity as police officers, with all actual and/or apparent authority afforded thereto.

38. The arrests of plaintiffs by defendants deprived plaintiffs of the right to be free from arrest not based upon probable cause guaranteed to citizens of the United States by the Fourth and

Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

39. As a result of the aforementioned acts of the defendants, plaintiffs each suffered a period of false imprisonment, public humiliation and the violation of their constitutional rights.

## AS FOR A SECOND CAUSE OF ACTION

*Monell Claim as against the CITY OF NEW YORK*

40. Plaintiff repeats and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

41. The City of New York directly caused the constitutional violations suffered by plaintiffs as a result of the conduct of the defendants. The conduct of the defendants was a direct consequence of inadequate training and supervision.

42. Defendant's directly caused the constitutional violations suffered by plaintiffs and are liable for the damages suffered by plaintiffs as a result of the conduct of the above captioned defendants because their conduct was a direct consequence of inadequate training and supervision of narcotics officers.

43. At times relevant to this Complaint defendant City of New York through its agent, the New York Police Department, had in effect, policies, practices, and customs that allowed for a group of rogue officers to charge an innocent family with possessing narcotics where no reasonable officer could have concluded that the baking soda in question was actually a quantity of some controlled substance.

44. The wrongful policies, practices and customs complained of herein demonstrate deliberate indifference on the part of policymakers of the City of New York to the constitutional

rights of plaintiffs and their fellow citizens, and were the direct and proximate cause of the violation of plaintiffs' rights as alleged herein.

**WHEREFORE,** plaintiffs demand relief from the defendants in the form of compensatory damages in an amount to be determined by a jury; punitive damages in an amount to be determined by a jury; costs, interest and attorney's fees, and such other and further relief as this Court may deem just and proper.

Dated: 10/01/2019
       Brooklyn, NY

By:    */s/Alexis G. Padilla*
Alexis G. Padilla, Esq. [AP8285]
*Attorney for Plaintiffs*
575 Decatur Street #3
Brooklyn, NY 11233
(917) 238-2993
alexpadilla722@gmail.com